

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~DISTRICT DIVISION~~
ATTORNEY GENERAL

Board of Insurance Commissioners
Austin, Texas

Attention:  Mr. George Van Fleet, Actuary

Gentlemen:                              Opinion No. 0-3813
                                        Re:  Does the provision "first
                                             liens upon leasehold es-
                                             tates in real property and
                                             improvements situated there-
                                             on, etc.," as added by House
                                             Bill 51, Forty-seventh Leg-
                                             islature, amending Article
                                             4766 defining "Texas Securi-
                                             ties" come within the defi-
                                             nition of the tax reducing
                                             security mentioned in Arti-
                                             cle 4769, Vernon's Annotated
                                             Civil Statutes

        In your letter of July 24 you submit the above question upon
which you request the opinion of this department.

        House Bill 51, Acts of the Forty-seventh Legislature, amending
Article 4766, Chapter 4, Title 78, Vernon's Annotated Civil Statutes, as
quoted in your letter, in part reads as follows:

        "The term 'Texas Securities,' as used in this chapter,
        shall be held to include . . .; or upon first liens upon
        leasehold estates in real property and improvements situated
        thereon, the title to which is valid, and the leasehold has
        not less than thirty (30) years to run before expiration, pro-
        vided that the duration of any loan upon such leasehold estates
        shall not exceed a period of ten (10) years.  If any part of
        the value of such real estate is in buildings, such buildings
        shall be insured against fire and kept insured for at least
        fifty (50) per cent of the value thereof in some company
        authorized to transact business in this State and the policy
        or policies shall be transferred to the company taking such
        mortgage or lien."

        The material portion of Article 4769 of Chapter 4, Title 78,
reads as follows:

"When the report of the investment in Texas Securities, as defined by law, of any such companies as of December 31st of any year shall show that it has invested on said date as much as thirty (30) per cent of its total Texas reserves as defined by law, in promissory notes or other obligations secured by mortgage, deed of trust, or other lien on Texas real estate and/or in loans to residents or citizens of Texas secured by the legal reserve on the respective policies held by such borrowers, the rate of occupation tax shall be reduced to four and five one-hundredth (4.05) per cent) . . . ."

It will be noted that House Bill No. 51 by amending Article 4766, re-enacts the Article in full as amended and the above quoted provision added by the amendment, immediately follows the particular type security therein described in words similar as described in Article 4769, to-wit, "promissory notes or other obligations, the payment of which is secured by a mortgage, deed of trust or other valid lien upon unincumbered real estate situated in this State, the title to which real estate is valid and the market value of which is forty (40) per cent more than the amount loaned thereon, exclusive of buildings, . . . and the policy or policies transferred to the company taking such mortgage or lien."

The amendment to Article 4766 by House Bill 51, Forty-seventh Legislature by adding the above quoted provision, merely enlarged or extended the field of securities which Article 4766, Vernon's Annotated Civil Statutes defines as "Texas securities." This statute is to be read in harmony with the other articles contained in Chapter 4, Title 78 of the present statutes, and in fact, is the key to the entire chapter.

It is apparent that the Legislature intended the amendment to operate harmoniously with all other provisions of Chapter 4, Title 78 and that it had knowledge of the language used in Article 4769 with its provisions similar to that preceding the new security added by House Bill 51 or Article 4766 as amended.

We are mindful that Article 4769, supra, relates to taxation and being in the nature of an exemption, should be strictly construed. However, a distinction is observed between construing the statute strictly when endeavoring to ascertain its meaning and when it is sought to require persons seeking to avail themselves of the benefits to comply strictly with its provisions.

In 39 Texas Juris., para. 135, page 253, it is said:

"It is a settled rule of statutory interpretation that statutes which deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things are considered in 'pari materia' (in relation to the same matter), although they contain no

reference to one another and although they were passed at different times or at different sessions of the Legislature . . . . The purpose of the 'in pari materia' rule of construction is to carry out the full legislative intent by giving effect to all laws and provisions bearing upon the same subject . . . . The rule applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way . . . ."

The term "first liens upon leasehold estates in real property and improvements situated thereon" is well within the class of securities defined as "promissory notes or other obligations secured by mortgage, deeds of trust or other lien on Texas real estate. . . ," in which the thirty (30) per cent or more of the "Texas reserves" may be invested for obtaining the reduction in the gross receipts tax provided by the statute.

It is therefore the opinion of this department that the type of security in House Bill 51, Forty-seventh Legislature, amending Article 4766, Vernon's Annotated Civil Statutes, described as "first liens upon leasehold estates in real property and improvements situated thereon, etc.," is to be classed as a tax reducing security within the provisions of Article 4769, Vernon's Annotated Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King
Wm. J. R. King
Assistant

WJRK:db-ds

APPROVED AUG 18, 1941

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION
COMMITTEE BY /s/ B.W.B.
CHAIRMAN